IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHASTA G,[1]

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 6:22-cv-01351-MC

OPINION AND ORDER

**MCSHANE, Judge**:

    Plaintiff Shasta G. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

    Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by (1) failing to account for all Plaintiff's limitations in the residual functional capacity; (2) failing to provide clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony; and (3) finding unpersuasive the medical opinions of Janette Stringer, LCSW. Pl.'s Br. 4–25, ECF No. 8. For the reasons outlined below, the Commissioner's decision is REVERSED and this matter is REMANDED for immediate payment of benefits.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.

1 – OPINION AND ORDER

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for DIB and SSI on November 15, 2019, alleging disability since January 29, 2019. Tr. 68. The claim was denied initially and upon reconsideration. Tr. 79, 91, 105, 120. Plaintiff requested a hearing before an ALJ and appeared before the Honorable John Sullivan on May 17, 2021. Tr. 34–65. In a written decision dated July 21, 2021, ALJ Sullivan determined that Plaintiff was not disabled under the Social Security Act. Tr. 13–28. Plaintiff sought review from the Appeals Council; the Appeals Council declined. Tr. 1.

Plaintiff is currently 43 years old. *See* Tr. 68. Plaintiff alleges disability due to dissociative identity disorder, bipolar 1 and 2, spinal stenosis, degenerative disc disease, fibromyalgia, severe panic attacks, dissociative amnesia, and manic episodes with aggressive tendencies. Tr. 68–69. Plaintiff has a high school diploma and previous work experience as a storage facility rental clerk. Tr. 43, 57.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (reaffirming the substantial evidence standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial

evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

## I.    Residual Functional Capacity

Plaintiff first argues that the ALJ failed to account for all of Plaintiff's social limitations in the RFC. Pl.'s Br. 4–8. The RFC reflects the most activity a claimant can perform in a workplace on a regular and continuing basis despite their limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In that context, regular work means eight hours per day, five days

3 – OPINION AND ORDER

per week, or an otherwise equivalent work schedule. SSR 96–8p, 1996 WL 374184, at *2. The RFC must contemplate all of a claimant's medically determinable impairments ("MDIs"), including all physical, mental, and sensory functional limitations caused by those MDIs. 20 C.F.R. §§ 404.1545(a), 416.945(a). However, the ALJ is only required to include those limitations that the ALJ has determined are consistent with the record as a whole. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1034 (9th Cir. 2007).

> Here, the ALJ found that Plaintiff
>
> can understand, remember, and carryout instructions for simple, routine tasks with a reasoning level of two or less; limited to making simple work-related decisions; can occasionally interact with supervisors, coworkers, and the general public; and would be off task less than five percent of the time, scattered throughout the workday.

Tr. 20. Plaintiff argues that this RFC does not incorporate limitations from state agency consulting doctors, whose opinions the ALJ found persuasive. Pl.'s Br. 4–8.

On initial review, Ben G. Kessler, Psy.D., opined that Plaintiff was "[l]imited to interactions that require minimal contact [with] general public as well as peers/coworkers. Short/structured encounters OK. Responsive to supportive, lay supervision (not overly harsh, highly critical style)." Tr. 77, 89. On reconsideration, Marilyn Jordan, Ph.D., affirmed this opinion. Tr. 103, 118.

An ALJ need not incorporate persuasive medical opinions exactly, so long as the RFC is consistent with the accepted medical opinions. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). However, even if the ALJ erred by not further limiting Plaintiff's social interactions, such error is harmless. At the hearing, Plaintiff's counsel questioned the vocational expert regarding the additional limitations. Tr. 61–62. The vocational expert testified that those

changes "would not really change [his] response." Tr. 62. Plaintiff argues that the vocational expert's testimony suggests that the RFC should include a limitation for "not overly harsh" supervision. However, the Court must defer to the ALJ's reasonable interpretation of a medical opinion. *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017).

## II.     Plaintiff's Subjective Symptom Testimony

Plaintiff next argues that the ALJ failed to give clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. Pl.'s Br. 8–20. The Court agrees.

"An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ determines, "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal citations and quotations omitted). If the first step is satisfied, and the ALJ finds no evidence of malingering, the ALJ next determines the intensity and persistence of symptoms by considering "all of the available evidence from . . . medical sources and nonmedical sources." 20 C.F.R. § 404.1529(c)(1). "The ALJ can reject the claimant's testimony about the severity of [their] symptoms *only* by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1015 (emphasis added). Specific, clear and convincing reasons are those which "identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

The ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other

evidence in the record." Tr. 21. The ALJ then went on to summarize Plaintiff's medical records. Tr. 21–23. However, the Court can find no reasoning nor any specific part of Plaintiff's testimony that the ALJ found unsupported. "[P]roviding a summary of medical evidence . . . is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015).

The Commissioner argues that the ALJ rejected Plaintiff's testimony for three reasons: (1) improvement with treatment; (2) inconsistency with Plaintiff's activities of daily living; and (3) inconsistency with objective medical evidence. Def.'s Br. 8–14, ECF No. 13. The Court may not invoke any post hoc reasoning, but, for the sake of argument, addresses each reason.

The Commissioner first argues that the ALJ's summary of Plaintiff's medical records shows improvement with treatment. However, the ALJ's summary in fact demonstrates the natural waxing and waning of symptoms. Tr. 22–23. In March 2019, Plaintiff presented as anxious and depressed. Tr. 496. After beginning Lorazepam, Plaintiff was experiencing less anxiety in August 2019. Tr. 776. Plaintiff struggled with online classes in the fall of 2019 and by February 2020 was reporting significantly increased anxiety and paranoia. Tr. 708. Plaintiff was sleeping well and engaging in services in April 2020. Tr. 968. But in July 2020, Plaintiff was experiencing increased symptoms, including time loss and memory gaps, which led to her therapist calling Cahoots after a missed appointment. Tr. 1320. At a diagnostic evaluation in February 2021, Plaintiff reported that her daily panic attacks had increased. Tr. 1211. At the end of March 2021, Plaintiff reported decreased anger and irritability with more tolerance for everyday frustrations. Tr. 1241. And in April 2021, Plaintiff reported increased depression as well as audio hallucinations. Tr. 1380. "Cycles of improvement and debilitating symptoms are a

common occurrence, and . . . it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

The Commissioner next argues that Plaintiff's testimony is undermined by her activities of daily living. To "conclude that a claimant's daily activities warrant an adverse credibility determination," the ALJ must make specific findings that (1) the activities contradict the Plaintiff's testimony or (2) that the activities "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Neither condition is met here.

The ALJ noted that Plaintiff "is able to shop for groceries and do household chores such as laundry, as well as take the bus to the grocery store." Tr. 21. Plaintiff testified that she struggles to complete household chores. Tr. 53. Plaintiff usually brings one of her teenage children with her to the grocery store to help keep her from disassociating. Tr. 53–54. Plaintiff also testified that disassociating leads to trouble riding the bus as she may forget where she is or where she is going. Tr. 54. Neither the ALJ nor the Commissioner explain how these minimal activities of daily living, especially as actually performed by Plaintiff, contradict her testimony or translate to competitive employment.

Finally, the Commissioner argues that "objective medical evidence did not support additional limitations." Def.'s Br. 10. However, inconsistency with the medical evidence alone is not a clear and convincing reason to reject symptom testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017). The ALJ erred by rejecting Plaintiff's subjective symptom testimony without clear and convincing reasons.

### III. Medical Opinions of Janette Stringer, LCSW

Plaintiff argues that the ALJ erred by finding unpersuasive the opinions of Plaintiff's therapist, Janette Stringer, LCSW. Pl.'s Br. 20–25.

The Ninth Circuit has clarified that under the new regulations, "the former hierarchy of medical opinions – in which we assign presumptive weight based on the extent of the doctor's relationship – no longer applies." *Woods*, 32 F.4th at 787. Now, an ALJ's "decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* "The most important factors that the agency considers when evaluating the persuasiveness of medical opinions are *supportability* and *consistency*." *Id.* at 791 (emphasis added) (internal quotations omitted); 20 C.F.R. § 404.1520c(a). However, the Ninth Circuit clarified that "the extent of the claimant's relationship with the medical provider – what we will refer to as 'relationship factors' – remains relevant under the new regulations." *Id.* at 790.

In March 2020, Ms. Stringer completed a function report. Tr. 320–27. She noted that Plaintiff's issues with memory, concentration, focus, and emotional dysregulation interfere with her consistency and reliability. Tr. 320. Ms. Stringer also noted that Plaintiff often experiences time loss and gets lost when she goes out alone. Tr. 321, 323. Ms. Stringer noted that Plaintiff follows spoken instructions well and also handles stress well. Tr. 325–26. Ms. Stringer provided an additional opinion in May 2021. Tr. 1371–78. She noted that Plaintiff's hallucinations and delusions led to inconsistent behavior and struggles with activities of daily living. Tr. 1372. Ms. Stringer opined that Plaintiff was extremely limited in her ability to understand and remember simple instructions. Tr. 1375. Ms. Stringer also opined that Plaintiff had marked limitations in her ability to interact appropriately with the public, extreme limitations in interacting with

supervisors, and moderate limitations in interacting with coworkers. Tr. 1375. Ms. Stringer opined that Plaintiff had a marked limitation in her ability to respond to usual work situations and to changes in routine. Tr. 1375. Ms. Stringer opined that Plaintiff would be off task for 10% of a workday due to hallucinations, delusions, and amnesia, and that Plaintiff would miss four or more days of work a month. Tr. 1377–78.

 The ALJ acknowledged that Ms. Stringer's opinion was "somewhat supported" by her treatment records, but overall found it inconsistent with the medical evidence, including other providers' notes and mental status exams. Tr. 25. This is supported by substantial evidence.

Although Ms. Stringer found that Plaintiff struggled with memory, concentration, and focus, mental status exams consistently showed Plaintiff with fair to normal memory and fair to normal concentration. Tr. 497, 501, 509, 525, 714, 737, 755, 782, 802, 809, 974, 989, 992, 995, 998, 1001, 1004, 1160, 1248, 1382. The ALJ's reasonable interpretation that these mental status exams do not support the extreme limitations in Ms. Stringer's opinion is supported by substantial evidence.

## IV. Remedy

Because the ALJ erred, the question is whether to remand for further administrative proceedings or an award of benefits. Generally, "when an ALJ's denial of benefits is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012), quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). However, an award of benefits can be directed "where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.

1996). Remand for calculation of benefits is only appropriate where the credit-as-true standard has been satisfied, which requires:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

This is a rare instance where remand for an award of benefits is appropriate. Here, Plaintiff satisfies all three requirements. The record is fully developed and there are no ambiguities that further administrative proceedings need resolve. As explained above, the ALJ erred in discrediting Plaintiff's subjective symptom testimony without providing clear and convincing reasons for doing so. Credited as true, Plaintiff's testimony combined with the vocational expert's testimony establish that Plaintiff is disabled under the Act. The vocational expert testified that, in his experience, a worker who is off-task 20% of the time would be unable to maintain competitive employment. Tr. 61. Moreover, consideration of the record as a whole convinces the Court that Plaintiff is disabled. The Court sees no purpose for further proceedings.

//
//
//
//
//

10 – OPINION AND ORDER

## **CONCLUSION**

The Commissioner's decision is REVERSED and this case is remanded for immediate payment of benefits.

IT IS SO ORDERED.


DATED this 13th day of February, 2024.

>                    s/ Michael J. McShane
>                    Michael J. McShane
>                    United States District Judge

11 – OPINION AND ORDER